# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ERIC MCCLELLAN, SR., <br>     Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC. and <br> DAVID ABEL, special representative of the <br> estate of Jeannetta M. McClellan, deceased, <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:19-CV-290-TLS-JPK <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant CSX Transportation, Inc. ("CSX") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal. As the party seeking federal jurisdiction, CSX has the burden of establishing the subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Eric McClellan, Sr., and Defendants CSX and David Abel (who is the special representative of the estate of Jeannetta M. McClellan, deceased) must be citizens of different states, and the amount in controversy must be more than $75,000. CSX has alleged a sufficient amount in controversy. CSX has also sufficiently alleged its own citizenship. However, the allegations are insufficient as to the citizenship of Plaintiff McClellan and Defendant Able.

The Notice of Removal alleges that McClellan is an Illinois resident and is therefore a citizen of Illinois. Similarly, it is alleged that the decedent, Jeanetta M. McClellan, was a resident of Indiana when she died, and therefore Able is a citizen of Indiana.[1]

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised as to the citizenship—which must be based on domicile, not residence—of Plaintiff McClellan and Defendant Able.

Based on the foregoing, the Court hereby **ORDERS** Defendant CSX to **FILE <u>on or before October 23, 2019</u>**, a supplemental jurisdictional statement that alleges the citizenship of Plaintiff McClellan and Defendant Able as outlined above.

So ORDERED this 9th day of October, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[1] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).